IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| JAMAAR ROBINSON | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | Civil Case No. SAG-20-0686 |
| | * | |
| CITY OF HAGERSTOWN, MD, *et al.*, | * | |
| | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Jamarr Robinson ("Robinson"), now appearing *pro se* following the withdrawal of his counsel, seeks leave to file an Amended Complaint against proposed Defendants City of Hagerstown, Maryland ("the City"), Tyler Branche ("Branche"), Daniel Van Bobetich ("Bobetich"), and Ehab Mazloum ("Mazloum") (collectively, "Defendants"), alleging violations of Robinson's constitutional rights pursuant to 42 U.S.C. § 1983, in addition to state law claims for false arrest. ECF 14. Defendants filed an Opposition to the Motion Seeking Leave to Amend, ECF 19, and Robinson filed a Reply, ECF 21. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons that follow, Robinson's Motion will be granted in part and denied in part, and Robinson will be permitted to file an Amended Complaint stating the claims he asserted in Counts I, II, IV, and V of his Motion.

Initially, the Court notes that Robinson did not comply with Local Rules 103.6 (a) and (c), which require that a party seeking leave to file an amended complaint docket an original copy of the proposed amended complaint, along with a redlined copy showing the changes from the original version. Because Robinson is a *pro se* litigant and his filings are entitled to liberal construction, *e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Court will consider the

1

allegations in the document filed "Seek Leave to Amend Complaint," ECF 14, as if they are the allegations Robinson will make in his Amended Complaint.  On or before **August 5, 2020**, Robinson should file an Amended Complaint containing the same language, but eliminating Count III and the related factual allegations.  If Robinson subsequently seeks leave to file any additional Amended Complaints, he must comply with Local Rule 103.6 in its entirety, or his motion will be denied.

I.     **FACTUAL BACKGROUND**

The facts below are derived from Robinson's filing seeking leave to amend his Complaint. ECF 14.  Officers Branche, Bobetich, and Mazloum work for the Hagerstown Police Department ("HPD"). *Id.* ¶ 3. On or about October 19, 2019, at approximately noon, HPD officers, including Officers Branche and Bobetich, responded to the Maryland Health and Wellness Center ("MHWC"), to address an ongoing dispute involving Robinson.  *Id.* ¶ 6.  The officers reviewed Robinson's identification, and spoke with other witnesses to resolve the situation.  *Id.*  When the investigation at MHWC concluded, Robinson proceeded to his vehicle.  *Id.* ¶ 7.  However, the officers reapproached him, surrounded him, and demanded to see his identification again.  *Id.* ¶ 8. All of the officers had their hands on their respective firearms. *Id.* Robinson provided his identification again to Officer Branche, who stated that there was a warrant for Robinson's arrest. *Id.* ¶¶ 9-10.  Robinson explained that there must be a mistake, and denied ever having been to North Hampton, Pennsylvania. *Id.* ¶¶ 10-11.  Nevertheless, Officer Branche placed Robinson in handcuffs while they checked to confirm the warrant. *Id.* ¶¶ 11-12.  Robinson continued to protest that the warrant must be an error.  *Id.* ¶ 14.  Officers Branche and Bobetich conversed with Robinson while they awaited confirmation from Pennsylvania about the warrant. *Id.* ¶¶ 16-24, 26-30.  While they waited, Officer Branche also searched Robinson's person.  *Id.* ¶ 25.  After about

twenty-five minutes, *id.* ¶ 13, Officer Bobetich started "clapping," and announced that Pennsylvania had confirmed the "picture, social, birthdate, everything." *Id.* ¶ 31.

Robinson was transported to the Washington County Detention Center for processing. *Id.* ¶ 35. Upon his arrival at the detention center, he was subjected to two additional searches. *Id.* ¶¶ 36-37. HPD officers, including Officer Branche, began to process the arrest. *Id.* ¶ 38. At that point, Robinson first saw a photograph associated with the Pennsylvania warrant, which did not depict him. *Id.* He pointed that photograph out to the deputies, and asked whether the social security numbers and birthdates matched. *Id.* Officer Branche then did another review of the social security card from Plaintiff's wallet, as well as another comparison of the birthdate and photo. *Id.* Officer Branche then told the other deputy that it was "not a match," and Robinson was therefore released. *Id.* ¶¶ 38, 40. Robinson alleges that he suffered "bruising" to his elbow in the incident. *Id.* ¶ 44.

On January 28, 2020, Plaintiff appeared for a court hearing in the Circuit Court for Washington County. *Id.* ¶ 48. Immediately after the proceeding, Robinson was again detained by deputies from the Washington County Sheriff's Office ("WCSO"), who said that he had an outstanding warrant. *Id.* ¶ 49. WCSO told him that HPD would arrive shortly. *Id.* ¶ 51. However, a WCSO warrant officer arrived at the courtroom and discussed the situation with Robinson. *Id.* ¶ 52. After extended discussions with the WCSO officers, lasting more than an hour, Robinson was permitted to leave the courtroom. *Id.* ¶¶ 52-65.

On February 10, 2020, Plaintiff called 911 at a family member's home, regarding a child safety issue. ECF ¶¶ 66-68. HPD Officer Mazloum arrived, and asked Plaintiff for identification. *Id.* ¶¶ 68-70. After originally declining to produce identification, Plaintiff complied. *Id.* ¶¶ 71-72. Officer Mazloum then told Plaintiff that there was a warrant for his arrest out of Pennsylvania. *Id.*

¶ 73. Plaintiff asked to speak to a HPD supervisor, and provided Officer Mazloum and the other responding officer with a folder of information regarding the mistaken identity, which had caused "this warrant issue." *Id.* ¶¶ 74, 75, 81.  Nevertheless, Officer Mazloum handcuffed, arrested, and searched Robinson. *Id.* ¶¶ 82-84.  Officer Mazloum placed Robinson in the backseat of his patrol car, while the other officer radioed for a supervisor. *Id.* ¶¶ 85-91.  The supervisor arrived and began reviewing the documentation. *Id.* ¶¶ 93-94.  In the meantime, Officer Mazloum began driving his patrol car towards Central Booking, with Robinson in the back seat. *Id.* ¶ 95.  While en route, dispatch notified Officer Mazloum that Pennsylvania had advised that the warrant was not a match for Plaintiff. *Id.* ¶ 98.  Plaintiff was returned to his children's mother's residence and released. *Id.* ¶ 99.  He alleges that he sustained bruising and swelling on both wrists during the incident. *Id.* ¶ 102.  Finally, he alleges that the incidents are attributable to the City's "failure to properly train and otherwise supervise its agents," the HPD Officers. *Id.* ¶¶ 116, 132, 166, 182.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 15 provides that a party seeking to amend its pleading after twenty-one days following service may do so "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). However, the Rule requires courts to "freely give leave when justice so requires." *Id.* The Fourth Circuit's policy is "to liberally allow amendment." *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010). Accordingly, leave to amend should be denied only if "prejudice, bad faith, or futility" is present. *See Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509-10 (4th Cir. 1986) (interpreting *Foman v. Davis*, 371 U.S. 178 (1962)); *Hart v. Hanover Cnty. Sch. Bd.*, 495 F. App'x 314, 315 (4th Cir. 2012). Ultimately, the decision to grant leave to amend rests in this Court's discretion. *Foman*, 371 U.S. at 182; *Laber v. Harvey*, 438 F.3d 404, 428 (4th Cir. 2006) (en banc).

Defendants' contention in this matter is that amendment would be futile. ECF 19. As the Fourth Circuit has stated, a proposed amendment is futile when it "is clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510; *see also* 6 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 1487 (3d. ed. 2010) ("[A] proposed amendment that clearly is frivolous, advancing a claim or defense that is legally insufficient on its face, or that fails to include allegations to cure defects in the original pleading, should be denied." (footnotes omitted)).

This review for futility "does not involve an evaluation of the underlying merits of the case." *Kolb v. ACRA Control, Ltd.*, 21 F. Supp. 3d 515, 522 (D. Md. 2014) (quoting *MTB Servs., Inc. v. Tuckman-Barbee Constr. Co.*, No. RDB-12-2109, 2013 WL 1819944, at *3 (D. Md. Apr. 30, 2013). "To the contrary, '[u]nless a proposed amendment may clearly be seen to be futile because of substantive or procedural considerations, ... conjecture about the merits of the litigation should not enter into the decision whether to allow amendment.'" *Next Generation Grp., LLC v. Sylvan Learning Ctrs., LLC*, No. CCB-11-0986, 2012 WL 37397, at *3 (D. Md. Jan. 5, 2012) (emphasis added) (quoting *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir.), cert. dismissed, 448 U.S. 911 (1980))). Recently, this Court discussed the overlap between a court's review for futility under Rule 15 and for failure to state a claim under Rule 12(b)(6):

> There is no question, to be sure, that leave to amend would be futile when an amended complaint could not survive a Rule 12(b)(6) motion. *See U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008). Yet the Court need not apply the Rule 12(b)(6) standard when determining whether leave to amend would be futile. The Court applies a much less demanding standard: whether "the proposed amendment is clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510.

*Aura Light US Inc. v. LTF Int'l LLC*, Nos. GLR-15-3198 & GLR-15-3200, 2017 WL 2506127, at *5 (D. Md. June 8, 2017).

Thus, it may be within the trial court's discretion to deny leave to amend when it is clear that a claim cannot withstand a Rule 12(b)(6) motion. *See, e.g.*, *Wilson*, 525 F.3d at 376-79 (upholding a district court's denial of leave to amend False Claims Act claims because the plaintiffs' amendments attempted "to shoehorn what might have been an ordinary FCA claim – and what really is a breach of contract suit – into some sort of fraudulent inducement action. This [the plaintiffs] simply cannot do."); *Perkins v. United States*, 55 F.3d 910, 916-17 (4th Cir. 1995) (affirming the trial court's denial of leave to amend after the trial court dismissed the complaint under Rule 12(b)(6) based on the United States' sovereign immunity, since the proposed amendments would have also been dismissed under Rule 12(b)(6) on sovereign immunity grounds). As this Court has also suggested, leave to amend may be denied if proposed amendments are mere "[t]hreadbare recitals of the elements of a cause of action" that are clearly insufficient to plead a cause of action under Federal Rule of Civil Procedure 8(a)(2). *Kolb*, 21 F. Supp. 3d at 522 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)).

That being said, it does not follow that every plaintiff seeking leave to amend claims must demonstrate that the claims can withstand a Rule 12(b)(6) motion. Such a requirement would render superfluous the Fourth Circuit's definition of a futile claim as one that is "clearly insufficient or frivolous on its face," *Johnson*, 785 F.2d at 510 (emphasis added), and would run contrary to the Fourth Circuit's well-established "policy to liberally allow amendment in keeping with the spirit of Federal Rule of Civil Procedure 15(a)," *Galustian*, 591 F.3d at 729; *see also Coral v. Gonse*, 330 F.2d 997, 998 (4th Cir. 1964).

### III. ANALYSIS

As evidenced from the summary above, Robinson's proposed Amended Complaint seeks to allege facts pertaining to three incidents: his arrest by Officers Branche and Bobetich on

October 19, 2019, his detention at the courthouse on January 28, 2020, and his arrest by Officer Mazloum on February 10, 2020.  *See generally* ECF 14.  The October 19, 2019 incident is described in Counts I and II, while the January 28, 2020 incident pertains to Count III, and the February 10, 2020 incident is articulated in Counts IV and V. *Id.* Taking all of the facts alleged as true, the allegations cannot be deemed "clearly insufficient or frivolous" as to the incidents on October 19, 2019 and February 10, 2020.  In so ruling, this Court has not applied the standard that would be applied on a motion to dismiss pursuant to Fed. R. Civ. Proc. 12(b)(6) to Robinson's amended claims, which contain additional factual details not set forth in his original Complaint.  Thus, this Court's determination that it is appropriate to allow the amendment does not indicate an opinion as to whether Robinson's claims will survive a motion to dismiss, if one is filed.  While there may be a different result when more stringent legal standards are applied, under the generous standard of "clearly insufficient or frivolous," most of Robinson's allegations survive review.  Therefore, Robinson may amend his Complaint to set forth the facts substantiating Counts I, II, IV and V.

However, with respect to Count III, the proposed amended allegations are clearly insufficient to state a claim against the City for Robinson's detention in the courtroom on January 28, 2020, because the allegations themselves establish that he was detained by officers of the WCSO, an entirely different agency not alleged to be affiliated with the City. *See* ECF 14 ¶¶ 48-65.  Although Robinson describes a mention of calling HPD officers to the scene, *id.* ¶ 51, he does not allege that any such officers ever arrived.  *Id.*  In fact, Robinson, in his reply, does not address or contest the fact that the January 28, 2020 incident involved only WCSO employees. *See* ECF 21. Accordingly, he will not be granted leave to amend his complaint to add claims or allegations against the existing Defendants, relating to that particular detention.

## IV.     CONCLUSION

For the reasons set forth above, Robinson's Motion seeking Leave to Amend, ECF 14, will be GRANTED IN PART and DENIED IN PART.  On or before August 5, 2020, Robinson may file an Amended Complaint setting forth the claims and allegations pertaining to Counts I, II, IV, and V in his motion.  He may not include the claims and allegations pertaining to his detention in the courtroom on January 28, 2020 (Count III in his motion seeking leave to amend).   A separate Order follows.


Dated:  July 22, 2020                                         /s/
                                                  Stephanie A. Gallagher
                                                  United States District Judge